MARIE C. JANSEN v. D. V. FRIONE & COMPANY, INC.

COURT OF COMMON PLEAS    TOLLAND COUNTY    FILE NO. 657

Memorandum filed November 7, 1951.

I. *Oscar Levine,* of Hartford, for the Plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, for the Defendant.

COTTER, J. The plaintiff brings suit for damages to her home occasioned by the blasting operations of the defendant.

The plaintiff purchased a four-room Cape Cod house with an unfinished attic in January, 1949. It was located on Mansfield Hollow Road in the town of Mansfield. On December 22, 1949, while the plaintiff and her husband were occupying this home, the defendant company began blasting operations in the course of its construction of a dam for the federal government at Mansfield Hollow. The plaintiff's home was about a quarter of a mile to one half of a mile away from the blasting operations. The defendant continued blasting almost daily and sometimes two or three times a day from December 22, 1949, to June 5, 1950. Both the plaintiff and her husband testified that they could feel the effects of the blasting in their home at the time on various occasions when the blasts were set off. They testified that cracks appeared in the ceilings and walls of their kitchen, living room, bathroom, bedroom and halls. None of these existed prior to the beginning of the blasting but appeared and were observed by them after the blasting had been begun by the defendant company. The house was a comparatively new house at the time the blasting began, since the plaintiff had occupied it for less than one year when this operation started.

The court can only conclude that the damage which resulted to the property was occasioned by the blasting of the defendant company. The cost of repairing the ceilings and walls of the rooms and hallways mentioned above totaled $315. The Connecticut rule in connection with blasting is that one who engages in such an operation does so at his peril. "He is absolutely liable for damages which result from that blasting whether he was negligent in his conduct of the operation or not"; *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.*, 137 *Conn.* 562, 571; and it is held that this rule holds true whether the damages result from the explosion by flying debris or by concussion of the atmosphere or vibration of the earth.

Judgment may enter for the plaintiff to recover $315.00.